UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,

    Plaintiff,

vs.

PHH MORTGAGE CORPORATION,

    Defendant.

Case No. 1:16-cv-391

Judge Black
Magistrate Judge Bowman

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). Also pending before the Court is Plaintiff's motion for summary judgment and Plaintiff's motion for an Injunction. (Docs. 9, 12). Upon careful review, the undersigned finds that Defendant's motion should be granted.

**I. Background and Facts**

This action arises out of a mortgage loan and foreclosure action involving Plaintiff and PHH Mortgage Corporation ("PHH"). Notably, Plaintiff is currently a defendant in a state court foreclosure action filed by PHH on May 22, 2015 in the Brown County, Ohio Court of Common Pleas. (Doc. 7, Exs. A, B). In the state foreclosure action, PHH alleged that it was entitled to enforce a promissory note and a mortgage securing that note executed by Plaintiff and Carmen Fields. PHH further alleged that Plaintiff and Carmen Fields were in default under the terms of that note, mortgage, and a subsequent loan modification agreement.

On June 15, 2015, Plaintiff filed a memorandum in the state court action asserting that PHH did not have standing in the foreclosure action and that the

"contracts" were void. (Doc. 7, Ex. C). Thereafter, PHH filed a motion for summary judgment in the foreclosure action on February 29, 2016.

On March 17, 2016 While the summary judgment motion was pending, Plaintiff filed the instant action alleging that PHH engaged in violations of RICO. Plaintiff's complaint appears to assert that events related to the inception of the mortgage loan, the servicing of the loan and the filing of the foreclosure actions were all done in violation of RICO.[1]

Defendant PHH now moves to dismiss this instant action asserting Plaintiff fails to state a plausible set of facts that can be construed as a RICO claim against PHH.

**II. Analysis**

**A. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

---

[1] On April 21, 2016, the state court granted judgment in favor of PHH in the foreclosure actions. Plaintiff did not appeal the state court judgment and no sale of the involved property has yet occurred as of the filing of Defendant's motion to dismiss.. (Doc. 7, Ex. A).

2

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B. Plaintiff's complaint fails to state a claim for relief

Plaintiff's primary claim against Defendant is based on the federal RICO statute, 18 U.S.C. §§ 1961–68. Among other activities, the statute prohibits the following conduct:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

To state a claim under this section, a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir.2006) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). Plaintiffs must allege each of these elements to state a claim. *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 404 (6th Cir.2012).

"Racketeering activity consists of acts which are indictable under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B). *Id.* To show a pattern of racketeering activity, a plaintiff must plead, among other things, at least two predicate acts occurring within a ten-year period. 18 U.S.C. § 1961(5). "[T]o allege a valid RICO claim ... a plaintiff must show not only that the predicate act was a 'but for' cause of plaintiff's injuries, but also that it was a proximate cause." *Heinrich,* 668 F.3d at 405 (internal quotation omitted).

Here, Plaintiff alleges money laundering and extortion as the predicate acts in her racketeering claim. (Doc. 1 at 2). As noted above, Plaintiff argues that PHH engaged in extortion and money laundering in the origination of her mortgage loan, the servicing of the loan and the filing of the foreclosure actions, which were all done in violation of RICO.

Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Extortion as a predicate act in a civil RICO claim must establish that the defendant "obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by ... extortion or attempt[ed] or conspir[ed] so to do, or committ[ed] or threaten[ed] physical violence to any person or property in furtherance of a plan or purpose to do [so]." 18 U.S.C. § 1951(a).

Additionally, to plead sufficiently the predicate act of money laundering, Plaintiff must allege that Defendant conducted financial transactions knowing that the transactions involved the proceeds of specified unlawful activity. 18 U.S.C. § 1956(a)(1).

4

Furthermore, Plaintiff must allege that Defendant PHH engaged in the transaction with the intent to either promote the continuation of the unlawful activity or knowing that the transactions were designed to conceal the proceeds of the unlawful activity. 18 U.S.C. § 1956(a)(1)(A) (i) and (B)(i). *Baird v. Daniels*, No. 1:12-CV-945, 2014 WL 1407945, at *8 (S.D. Ohio Apr. 11, 2014).

Plaintiff's complaint fails to include any allegations to establish extortion and/or money laundering. Accordingly, beyond the foreclosure action, Plaintiff's complaint fails to state a claim for relief under RICO or otherwise.[2] See *Lindberg v. Bank of Am., N.A.*, No. 1:15-CV-600, 2015 WL 6738690, at *4 (W.D. Mich. Nov. 4, 2015) ("If Plaintiffs' allegations were enough to state a RICO pattern, every individual challenge to a foreclosure could be re-cast as a RICO claim, and this is not what the RICO statute covers.").

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 7) be **GRANTED,** the remaining pending motions (Docs. 9, 12) **be DENIED as MOOT**, and this matter be **TERMINATED** on the active docket of the Court.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Additionally, PHH asserts that Plaintiff's RICO claim should have been raised in the foreclosure actions. It was not. As such, these claims are barred by the doctrine of res judicata. See *Sessley v. Wells Fargo Bank, N.A.*, No. 2:11-CV-348, 2012 WL 726749, at *10 (S.D. Ohio Mar. 6, 2012) ("because the claims arose from the same transaction or occurrence as the plaintiffs' counterclaims in the Foreclosure Action, the plaintiffs were required to assert them in the Foreclosure Action under the Ohio Rules of Civil Procedure and under Ohio's claim preclusion doctrine."). In light of the R&R, the Court declines to comment further.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,

    Plaintiff,

vs.

PHH MORTGAGE CORPORATION,

    Defendant.

Case No. 1:16-cv-391

Judge Black
Magistrate Judge Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).